# Exhibit 1



## CT Corporation

**Service of Process Transmittal**
04/11/2019
CT Log Number 535277749

**TO:** Joseph Anderson, Corporate Attorney
MYR Group Inc.
12150 E 112th Avenue
Henderson, CO 80640

**RE:** **Process Served in Alaska**

**FOR:** Sturgeon Electric Company, Inc. (Domestic State: MI)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | WILLIAM EDELEN, PLTF. vs. STURGEON ELECTRIC, INC., ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | SUMMONS AND NOTICE, COMPLAINT, ENTRY, ATTACHMENT(S) |
| **COURT/AGENCY:** | Alaska County - District/Superior Court - Anchorage, AK<br>Case # 1905642CJ |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 03/09/2018 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Juneau, AK |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 04/11/2019 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | Alaska |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after the day you receive this summons |
| **ATTORNEY(S) / SENDER(S):** | William F. Brattain II<br>BAKER BRATTAIN LLC<br>821 N Street Suite 101<br>Anchorage, AK 99501<br>907-277-3232 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air , 1ZX212780136443574<br><br>Image SOP<br><br>Email Notification, Janne Hinz  jhinz@myrgroup.com<br><br>Email Notification, Laura Denten  ldenten@myrgroup.com<br><br>Email Notification, Kathy Hix  khix@myrgroup.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 9360 Glacier Highway<br>Suite 202<br>Juneau, AK 99801 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

WILLIAM EDELEN )
)
_____ )
Plaintiff(s), )
vs. )
)
STURGEON ELECTRIC, INC., DAVID )  CASE NO. 3AN- 19-05642 CJ
KEZER, and CASEY VANDOR, )
_____ )  **SUMMONS AND**
Defendant(s). )  **NOTICE TO BOTH PARTIES**
) **OF JUDICIAL ASSIGNMENT**

To Defendant: STURGEON ELECTRIC, INC.

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) WILLIAM F. BRATTAIN II, whose address is: 821 N Street, Suite 101, Anchorage, AK 99501.

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at https://public.courts.alaska.gov/web/forms/docs/tf-955.pdf to inform the court. - OR - If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

☒ This case has been assigned to Superior Court Judge  Walker
  and to a magistrate judge.

☐ This case has been assigned to District Court Judge _____.

3-13-19                                         CLERK OF COURT
_____                                       By: _KD_
Date                                                Deputy Clerk

I certify that on 3-3-19 a copy of this Summons was ☐ mailed ☒ given to
☐ plaintiff ☒ plaintiff's counsel along with a copy of the
☐ Domestic Relations Procedural Order  ☐ Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk _KD_

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 ANCH (10/17)(cs)                        Civil Rules 4, 5, 12, 42(c), 55
SUMMONS

William F. Brattain II (7305007)
BAKER BRATTAIN LLC
821 N Street Suite 101
Anchorage AK 99501
907 277 3232 (Telephone)
907 279 2323 (Facsimile)
brattain@bakerbrattain.com (email)

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

|  |  |
|---|---|
| WILLIAM EDELEN, <br><br> Plaintiff, <br><br> vs. <br><br> STURGEON ELECTRIC, INC., DAVID KEZER, and CASEY VANDOR, <br><br> Defendants, | COMPLAINT <br> (BREACH OF CONTRACT, <br> WRONGFUL TERMINATION, <br> DEFAMATION and <br> INTENTIONAL INTERFERENCE <br> WITH CONTRACT) |

Case No. 3AN-019-5642 CI

Plaintiff William Edelen, by and through counsel, hereby alleges and complains against defendant Sturgeon Electric, Inc., as follows:

1. At all times relevant to this action, plaintiff, William Edelen (hereinafter "Mr. Edelen") was, and is, a resident of Delta Junction, Alaska.

2. Defendant Sturgeon Electric, Inc., (hereinafter "Sturgeon") is a foreign corporation organized and existing under the laws of the State of Colorado with a principal place of business in Anchorage, Alaska.

3. Defendant David Kezer is a resident of the State of Alaska.

4. Defendant Casey Vandor is a resident of the State of Alaska.

5. This court has jurisdiction of this claim under Alaska Statute 22.10.020.

## FACTS COMMON TO ALL CLAIMS

6. Plaintiff incorporates by reference paragraphs 1 through 5 as though fully set forth herein.

7. Mr. Edelen was hired as a Project Manager on or about February 5, 2018 and the conditions of his employment were more particularly set forth in an employment contract which incorporated the Outside Agreement between Local Union 1547 IBEW and the Alaska Chapter, National Electrical Contractors Association, Inc., which was assented to by Sturgeon.

8. Mr. Edelen worked competently and diligently as a Project Manager on the Greater Moose's Tooth project on the North Slope (hereinafter "The Project") from February 5, 2018 until March 9, 2018.

9. Mr. Edelen was terminated by Casey Vandor, a co-Project Manager on March 9, 2018. This termination was accomplished at the behest of, and/or with the prior knowledge and permission of David Kezer, Alaska District Manager for Sturgeon.

10. Mr. Edelen's employment contract required that Sturgeon have both a good faith basis, and just cause for terminating employees.

2

11. Sturgeon did not have a good faith basis for terminating Mr. Edelen.

12. Sturgeon did not have just cause for terminating Mr. Edelen.

13. Numerous protocols, rules and laws appertaining to termination of employees were violated by Sturgeon, including but not limited to:

    a. Sturgeon did not have "good cause" for terminating Mr. Edelen.

    b. Sturgeon did not have "just cause" for terminating Mr. Edelen.

    c. The decision to terminate Mr. Edelen was arbitrary and capricious, and not based on facts supported by substantial evidence and reasonably believed by the employer to be true.

    d. The manner in which the termination was carried out was unprofessional, and carried out by Mr. Vandor in a manner calculated to humiliate and defame Mr. Edelen in front of other employees, as well as Sturgeon's client Houston Contracting.

    e. Sturgeon violated its own internal protocol, as well as the terms of Mr. Edelen's employment contract, in the implementation of the termination.

    f. After the termination, Sturgeon falsely stated that Mr. Edelen had not been terminated when removed from the project, but only afterwards, due to reduction in force.

3

g. Mr. Edelen never received notice or adequate warning that his conduct was inappropriate, unprofessional, incompetent, or otherwise unacceptable to Sturgeon.

h. Sturgeon had not set forth any clear rules of conduct, either written or oral, on The Project, nor had it set forth consequences for violating any such rules.

i. The asserted rationale for Mr. Edelen's removal and termination was not related to efficient and safe operations on The Project.

j. The asserted rationale for Mr. Edelen's removal and termination was not related to Sturgeon's stated goals and objectives on The Project.

k. Sturgeon failed to conduct an investigation of Mr. Edelen's purported conduct before it imposed discipline.

l. Any investigation made by Sturgeon of Mr. Edelen's purported conduct was not fair, objective nor timely, did not respect Mr. Edelen's rights to due process and union representation under his contract, and was not made objectively without rush to judgment.

m. Sturgeon's investigation, if one was made, did not produce substantial evidence of guilt or violation on the part of Mr. Edelen.

n. Sturgeon did not act evenhandedly and without discrimination in its treatment of Mr. Edelen. Rather, its application of the rules to Mr. Edelen was discriminatory and

4

selective, and Mr. Edelen was treated disparately from other employees by Sturgeon.

o. The penalty placed on Mr. Edelen was not reasonably related to any possible offense or violation that Mr. Edelen is alleged to have committed.

p. If Sturgeon had a policy in place that was violated by Mr. Edelen, it did not ever make Mr. Edelen aware of it.

q. If Sturgeon had a policy in place that was violated by Mr. Edelen, it was not reasonable.

r. If Sturgeon had a policy in place that was violated by Mr. Edelen, Sturgeon never investigated in a fair and objective manner to determine if Mr. Edelen actually violated it.

s. No substantial evidence exists that Mr. Edelen ever violated Sturgeon policy.

t. If Sturgeon had a policy in place that was violated by Mr. Edelen, that policy was not consistently applied to other Sturgeon employees.

### FIRST CAUSE OF ACTION
(Breach of Contract and Wrongful Termination)

14. Plaintiff incorporates by reference paragraphs 1 through 13 as though fully set forth herein.

15. Mr. Edelen's contract prohibits Sturgeon for terminating him without proper cause.

16. Sturgeon did not have proper cause to terminate Mr. Edelen.

5

17. Sturgeon's termination of Mr. Edelen violated the terms of its employment contract with him.

18. Sturgeon had a duty of good faith and fair dealing in its employment relationship with Mr. Edelen, which requires Sturgeon to act in a manner which a reasonable person would regard as fair.

19. Sturgeon's termination of Mr. Edelen's employment violated the duty of good faith and fair dealing that it owed to him.

20. Sturgeon's violation of the terms of its contract, and its breach of the duty of good faith and fair dealing has caused damages to Mr. Edelen.

21. Sturgeon is responsible to pay for all damages suffered by Mr. Edelen as a result of the termination of his employment with Sturgeon.

SECOND CAUSE OF ACTION
(Defamation)

22. Plaintiff incorporates by reference paragraphs 1 through 21 as though fully set forth herein.

23. Prior to his termination, management and key employees made false and defamatory statements about Mr. Edelen, including but not limited to statements that Mr. Edelen was trying to "wobble" the job, that he was irrational and dangerous, that he was not a team player, and that he was not performing his job competently.

6

24. Said statements were made to other Sturgeon employees and to employees and management of other companies, including Sturgeon's client, Houston Contracting, and the owner of the project, Conoco.

25. After his termination, employees and management of Sturgeon continued to make false and defamatory statements about Mr. Edelen to other employees, the client, and the owner of the project.

26. The termination itself was conducted in the presence of Sturgeon's client, Houston Contracting, and done in a manner which clearly expressed that Sturgeon considered Mr. Edelen to be irrational and dangerous. Statements to this effect were also voiced by management to management of Houston Contracting.

27. The foregoing statements made by the employees of Sturgeon were made with the full knowledge of management, and the employees were not corrected nor disciplined for making them; on the contrary, Sturgeon management encouraged the employees to gossip and make said statements to others.

28. The foregoing statements and conduct by Sturgeon, its employees and management, constituted unprivileged publications to a third party.

29. The foregoing statements and conduct by Sturgeon, its employees and management were made with negligence, recklessness, or intent.

7

30. The recipients of the foregoing statements and conduct by Sturgeon, its employees and management understood that it referred to Mr. Edelen.

31. Mr. Edelen suffered special harm as a direct and proximate result of the foregoing statements.

32. Mr. Edelen is entitled to recover appropriate damages for the defamation committed by Sturgeon employees and management.

THIRD CAUSE OF ACTION
(Defamation Per Se)

33. Plaintiff incorporates by reference paragraphs 1 through 33 as though fully set forth herein.

34. The foregoing statements and conduct by Sturgeon, its employees and management, were injurious to Mr. Edelen's trade or business.

35. The foregoing statements and conduct by Sturgeon, its employees and management thus constitute Defamation Per Se, and damages to Mr. Edelen are presumed to exist.

36. Mr. Edelen is entitled to presumed damages from Sturgeon for the Defamation Per Se committed by its management and employees.

FOURTH CAUSE OF ACTION
(Intentional Interference with Contract- Kezer)

37. Plaintiff incorporates by reference paragraphs 1 through 36 as though fully set forth herein.

38. Plaintiff had a contract with Defendant Sturgeon.

39. Defendant David Kezer knew about this contract.

8

40. Defendant David Kezer intended to induce Defendant Sturgeon to breach its contract with Plaintiff.

41. Defendant Sturgeon breached its contact with Plaintiff.

42. Defendant Sturgeon's breach of its contract with Plaintiff was caused by Defendant David Kezer.

43. Plaintiff was damaged as a result of the breach of its contract with Defendant Sturgeon.

44. Defendant David Kezer's conduct was not privileged or justified.

## FIFTH CAUSE OF ACTION
(Intentional Interference with Contract- Vandor)

45. Plaintiff incorporates by reference paragraphs 1 through 44 as though fully set forth herein.

46. Plaintiff had a contract with Defendant Sturgeon.

47. Defendant Casey Vandor knew about this contract.

48. Defendant Casey Vandor intended to induce Defendant Sturgeon to breach its contract with Plaintiff.

49. Defendant Sturgeon breached its contact with Plaintiff.

50. Defendant Sturgeon's breach of its contract with Plaintiff was caused by Defendant Casey Vandor.

51. Plaintiff was damaged as a result of the breach of its contract with Defendant Sturgeon.

52. Defendant Casey Vandor's conduct was not privileged or justified.

9

## REQUESTED RELIEF

WHEREFORE, plaintiff prays as follows:

1. For entry of judgment against the defendant for damages in an amount to be determined at trial but in excess of $250,000;

2. For reinstatement of his job together with back pay, front, and other fringe benefits to which he was otherwise entitled;

3. For costs, interest and attorney fees; and

4. For such other and further relief as the court deems just and proper.

Date: 03/13/2019

BAKER BRATTAIN LLC

By: _____
William F. Brattain II
Alaska Bar Association 7305007
Attorney for Plaintiff

William F. Brattain II (7305007)
BAKER BRATTAIN LLC
821 N Street Suite 101
Anchorage AK 99501
907 277 3232 (Telephone)
907 279 2323 (Facsimile)
brattain@bakerbrattain.com (email)

**IN THE SUPERIOR COURT FOR THE STATE OF ALASKA**

**THIRD JUDICIAL DISTRICT AT ANCHORAGE**

| | |
|---|---|
| WILLIAM EDELEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ENTRY OF APPEARANCE |
| ) | |
| STURGEON ELECTRIC, INC., DAVID KEZER, ) | |
| and CASEY VANDOR, ) | |
| ) | |
| Defendants, ) | |

Case No. 3AN-019-5642 CI

PLEASE TAKE NOTICE that pursuant to Alaska Rules of Civil Procedure, William F. Brattain II, of Baker Brattain LLC, enters his appearance in behalf of the plaintiff, WILLIAM EDELEN, as his attorney in this action.

All pleadings and correspondence should be directed to the following:

William F. Brattain II
Baker Brattain LLC
821 N Street Suite 101
Anchorage Alaska 99501
907-277-3232
Email: brattain@bakerbrattain.com

Date: 03 13 2019

BAKER BRATTAIN LLC

By: _____
William F. Brattain II
Alaska Bar Association 7305007
Attorney for Plaintiff

2

**CASE DESCRIPTION – SUPERIOR COURT**  Case Number: 3AN-19-5642CI

| Type of Action | For Court Use Only | |
|---|---|---|
| Check the box that best describes the case. Mark **one** box only. For district court cases, use form CIV-125D. | Case Type | Action Code |
| **Domestic Relations** | | |
| Divorce With Children (or Pregnant) | Div or Cust w/Children | CISDVC |
| Divorce Without Children | Divorce Without Children | CISDIV |
| Uncontested Divorce With Children (or Pregnant) | Div or Cust w/Children | CISUDVC |
| Uncontested Divorce Without Children | Divorce Without Children | CISUDIV |
| Custody (Unmarried Parents) | Div or Cust w/Children | CISCUS |
| Uncontested Custody (Unmarried Parents) | Div or Cust w/Children | CISUCUS |
| Visitation by Person Other than Parent | Domestic Relations Other | CIVIS |
| Property Division – Unmarried Partners | Domestic Relations Other | CISPROP |
| Legal Separation With Children (or Pregnant) | Legal Separation | CICLS |
| Legal Separation Without Children | Legal Separation | CISLS |
| Annulment | Domestic Relations Other | CIANNUL |
| Paternity - Establishment | Domestic Relations Other | CISPAT |
| Paternity - Disestablishment | Domestic Relations Other | CIDPAT |
| Genetic Testing - Failure to Comply with Order for Testing | Domestic Relations Other | CIOSCP |
| Administrative Child Support Order – Modification or Enforcement | Domestic Relations Other | CIPCS |
| PFD or Native Dividend Case | Domestic Relations Other | CIPND |
| Foreign Support Order - Registration, Modification or Enforcement under AS 25.25 | Domestic Relations Other | CIUIFSA |
| Foreign Custody Order – Registration, Modification or Enforcement under AS 25.30 | Domestic Relations Other | DR483 |
| Both Foreign Custody & Support Order – Registration, Modification or Enforcement under AS 25.30 and AS 25.25 | Domestic Relations Other | CIFCS |
| Foreign Domestic Relations Order (Not Custody or Support) – Registration, Modification or Enforcement | Domestic Relations Other | CIDRFJ |
| **Landlord/Tenant** | | |
| Eviction (May Include Rent or Damages) | Eviction-Superior Court | CISFED |
| Other Landlord/Tenant (No Eviction) | Civil Superior Court | CISLT |
| **Debt/Contract** | | |
| Debt Collection | Civil Superior Court | CISDEB |
| Claim by Buyer Against Seller of Goods/Services | Civil Superior Court | CISCLAIM |
| Employment – Discrimination | Civil Superior Court | CISEMPD |
| X  Employment – Other Than Discrimination | Civil Superior Court | CISEMP |
| Other Contract | Civil Superior Court | CISOCT |
| **Real Property Actions** | | |
| Condemnation | Civil Superior Court | CISCNDM |
| Foreclosure | Civil Superior Court | CISFOR |
| Quiet Title | Civil Superior Court | CISQIT |
| Real Property Tax Foreclosure | Superior Court Misc Petition | CISTAX |
| Other Real Estate Matter | Civil Superior Court | CISREM |
| **Foreign Judgment** | | |
| Registration of Foreign Judgment – SEE DOMESTIC RELATIONS FOR FOREIGN **SUPPORT/CUSTODY** ORDERS | Foreign Judgment Superior Ct | CISFOJ |

Case 3:19-cv-00125-HRH   Document 1-2   Filed 04/30/19   Page 16 of 18

**CASE DESCRIPTION – SUPERIOR COURT**  Case Number:_____

| Type of Action | For Court Use Only | |
|---|---|---|
| Check the box that best describes the case. Mark **one** box only. For district court cases, use form CIV-125D. | Case Type | Action Code |
| **Tort** | | |
| Wrongful Death | Civil Superior Court | CISPID |
| Automobile Tort (But Not Wrongful Death) | Civil Superior Court | CISIDA |
| Claim Against Owner of Real Property for Personal Injury | Civil Superior Court | CISPIO |
| Product Liability | Civil Superior Court | CISPL |
| Intentional Tort (e.g., assault, battery, vandalism) | Civil Superior Court | CISIT |
| Slander/Libel/Defamation | Civil Superior Court | CISSLD |
| Other Tort | Civil Superior Court | CISIDO |
| Approval of Minor Settlement – Civil Petition<br>*May also be filed as probate case.* | Superior Court Misc Petition | CISPET |
| **Malpractice** | | |
| Legal Malpractice | Civil Superior Court | CISLMP |
| Medical Malpractice | Civil Superior Court | CISMMP |
| Other Malpractice | Civil Superior Court | CISOMP |
| **Other Civil** | | |
| Election Contest or Recount Appeal | Civil Superior Court | CISELE |
| Change of Name – Adult | Change of Name | CICON |
| Change of Name – Minor | Change of Name | CICONM |
| Confession of Judgment | Civil Superior Court | CISCCONF |
| Structured Settlement – AS 09.60.200 | Superior Court Misc Petition | CISSS |
| Administrative Agency Proceeding – Request for Court Assistance | Superior Court Misc Petition | CISWRNT |
| Arbitration - Action Under Uniform Arbitration Act | Civil Superior Court | CISAP |
| Fraud | Civil Superior Court | CISFRAUD |
| Unfair Trade Practice and Consumer Protection | Civil Superior Court<br>Clerk: Issue form CIV-128 | CISUTP |
| Writ of Habeas Corpus | Civil Superior Court | CIWHC |
| Fish & Game - Abatement & Forfeiture of Equipment | Superior Court Misc Petition | CISAF |
| Appointment of Trustee Counsel | Superior Court Misc Petition | CISTC |
| Action Under Alaska Securities Act | Civil Superior Court | CISASA |
| Other Superior Court Complaint | Civil Superior Court | CISOCI |
| Other Superior Court Petition | Superior Court Misc Petition | CISPET |
| **Post-Conviction Relief to Superior Court** | | |
| Post-Conviction Relief | Post-Conviction Relief-Sup Ct | CISPCR |
| **Appeal to Superior Court - From Administrative Agency** | | |
| Election Contest or Recount Appeal – SEE OTHER CIVIL | | |
| DMV Appeal | Appeal from Admin Agency | CIADDMV |
| Employment Security Appeal | Appeal from Admin Agency | CIADRESA |
| Administrative Agency Appeal - Other | Appeal from Admin Agency | CIADR |
| CSSD License Review Action | Petition for Review or Relief | CICSED |
| Petition for Review from Administrative Agency | Petition for Review or Relief | CIPRA |
| Petition for Relief from Administrative Agency – AS 44.62.305 | Petition for Review or Relief | CIPRLF |
| **Appeal to Superior Court - From District Court** | | |
| Civil Appeal | Appeal from District Court | CIACI2 |
| Criminal Appeal | Appeal from District Court | CIACRM |
| Minor Offense Appeal | Appeal from District Court | CIAMO |
| Small Claims Appeal | Appeal from District Court | CIASC |
| Petition for Review from Civil, Criminal, or Minor Offense Case | Petition for Review or Relief | CIPRD2 |
| Petition for Review from Small Claims | Petition for Review or Relief | CIPRSC |

CIV-125S (1/19)(cs)  Page 2 of 2
CASE DESCRIPTION FORM – SUPERIOR COURT

Case 3:19-cv-00125-HRH   Document 1-2   Filed 04/30/19   Page 17 of 18



BAKER BRATTAIN, LLC.
821 N Street, Suite #101
Anchorage, AK 99501

STURGEON ELECTRIC, INC.
c/o CT CORPORATION SYSTEM
9360 Glacier Hwy #202
Juneau, AK 99801