IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

WILLIAM EDELEN, )
)
                        Plaintiff, )
)
  vs. )
) 
STURGEON ELECTRIC, INC., )
)   No. 3:19-cv-0125-HRH
                      Defendant. )
_____)

O R D E R

Motion to Amend

Plaintiff moves for leave to file an amended complaint.[1] This motion is opposed.[2] Oral argument was not requested and is not deemed necessary.

Background

Plaintiff William Edelen commenced this action on March 13, 2019. In his complaint, plaintiff alleges that defendant Sturgeon Electric, Inc.[3] improperly terminated him without

---

[1]Docket No. 23.

[2]Docket No. 25.

[3]The other two defendants named in plaintiff's complaint, David Kezer and Casey Vandor, have been dismissed. Docket No. 19.

-1-

cause on March 9, 2018.[4] Plaintiff asserts the following causes of action against defendant: 1) breach of contract and wrongful termination, 2) defamation, and 3) defamation per se.

On May 30, 2019, a scheduling and planning order was entered.[5] The scheduling and planning order set a deadline for "[m]otions to amend pleadings, including motions to add parties" of August 16, 2019.[6] The scheduling and planning order set a deadline for plaintiff's expert disclosures of February 18, 2020; and the deadline for defendant's expert disclosures was March 4, 2020.[7] Discovery in this case closes on September 4, 2020, and the dispositive motion deadline is October 16, 2020.[8]

Despite the deadline for motions to amend having expired, plaintiff now moves, pursuant to Rule 15(a), Federal Rules of Civil Procedure, to amend his complaint to add his wife, Shelby Edelen, as a plaintiff and to add new claims. Plaintiff proposes adding a negligent infliction of emotional distress claim on behalf of Mrs. Edelen and a loss of consortium claim on behalf of both himself and Mrs. Edelen.

---

[4]Complaint at 2-5, ¶¶ 9-13, Exhibit 1, Notice and Petition for Removal, Docket No. 1.

[5]Docket No. 13.

[6]Id. at 6.

[7]Id. at 4.

[8]Order from Chambers at 1, Docket No. 22.

-2-

Discussion

"Once the district court issues a pretrial scheduling order that establishes a deadline for the amendment of pleadings, . . . consideration of a motion for leave to amend is governed by Rule 16 of the Federal Rules of Civil Procedure rather than Rule 15." Solo v. Dawson, Case No. CV 09-05623 MMM (RCx), 2010 WL 11509232, at *4 (C.D. Cal. May 6, 2010). Here, the court has issued a scheduling and planning order which provided that motions to amend had to be filed by August 16, 2019.[9] Because this date has passed, the court will treat plaintiff's Rule 15(a) motion to amend as "a de facto motion to amend the court's scheduling order[.]" Id. Such motions are governed by Rule 16(b) and require that plaintiff first show that there is "good cause" to modify the scheduling and planning order. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. at 609 (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id. "If that party was not diligent, the inquiry should end." Id.

---

[9]Scheduling and Planning Order at 6, Docket No. 13.

Plaintiff seeks to amend to add his wife as a plaintiff and to add claims based on "new" information that he contends "came to light" at his deposition, which was taken on December 17, 2019.[10] According to plaintiff, this information was "that as a result of his termination, his wife Shelby Edelen sustained a mental breakdown and attempted suicide, which necessitated an 8-day stay in a Fairbanks psychiatric ward."[11] Plaintiff suggests that he has been diligent in seeking leave to amend because this information was "not revealed until December 17, 2019" and "Mrs. Edelen's medical records were not delivered until March 20, 2020[.]"[12]

Plaintiff has not been diligent. The instant motion was filed on July 21, 2020, which was sixteen months after plaintiff filed his complaint, almost fourteen months after the scheduling and planning order was entered, nearly seven months after plaintiff's deposition, and more than four months after the expert disclosure deadlines expired. Plaintiff's only explanation as to why he could not have asserted Mrs. Edelen's claims at the time he filed his original complaint was that he was not aware that his wife might have had claims arising out of his alleged improper termination. But even assuming that this was true, which is somewhat difficult to believe given that this information was within plaintiff's control, plaintiff still has not been diligent because he did not file the instant motion until July 21,

---

[10]Memorandum in Support of Plaintiff's Motion to File Amended Complaint at 2, Docket No. 24.

[11]Id.

[12]Id. at 4.

-4-

2020, which was more than six months after his deposition. While there was a mandatory stay in all civil cases from March 30, 2020 until June 1, 2020, pursuant to Miscellaneous General Orders Nos. 20-11 and 20-13, plaintiff could have and should have moved to modify the scheduling and planning order long before July 21, 2020. And even accepting plaintiff's contention that Mrs. Edelen's medical records were voluminous (565 pages) and took a considerable amount of time to review, plaintiff's counsel could have been reviewing these records while the stay was in place, and the instant motion could have been filed shortly after the stay expired on June 1, 2020.

Because plaintiff has not been diligent in seeking leave to modify the scheduling and planning order, that is the end of the inquiry. Johnson, 975 F.2d at 609. There is no need for the court to consider whether defendant would be prejudiced if plaintiff were allowed to amend his complaint at this juncture.

## Conclusion

Plaintiff's motion to amend[13] is denied.

DATED at Anchorage, Alaska, this 18th day of August, 2020.

/s/ H. Russel Holland
United States District Judge

---

[13]Docket No. 23.

-5-

Case 3:19-cv-00125-HRH   Document 28   Filed 08/18/20   Page 5 of 5